**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MIGUEL BENITO CAMPOMANES
FLORES,

     Petitioner,

vs.                                            Case No. 3:18-cv-160-J-34JBT

MARIA FERNANDA ORBEGOSO ELIAS-
ARATA,

     Respondent.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Respondent's Motion to Dismiss Verified Petition for Return of Minor Child (Doc. 11; Motion), filed on February 13, 2018.[1] Petitioner Miguel Benito Campomanes Flores (Father) initiated this action on January 25, 2018, by filing the Verified Petition for Return of Minor Child to Petitioner and Petition for Immediate Issuance of Show Cause Order to Respondent (Doc. 1; Verified Petition). Father filed the Verified Petition pursuant to The Convention on the Civil Aspects of International Child Abduction ("the Hague Convention"), Oct. 25, 1980, T.I.A.S. No. 11670, as implemented

---

[1] During the February 5, 2018 Status Conference in this case, at which Respondent and her counsel were present, the Court directed Respondent to answer the Verified Petition no later than February 12, 2018. See Minute Entry (Doc. 9). Respondent failed to comply with this deadline, and filed the instant Motion without seeking an extension of time in which to do so. Although the Court could deny the Motion on this basis alone, the Court will accept the tardy Motion and address the merits as set forth below. Nonetheless, Respondent is cautioned that Hague Convention proceedings "must be done in an expeditious manner." See Chafin v. Chafin, 742 F.3d 934, 936 (11th Cir. 2013). Indeed, "[t]he Convention proposes a six-week timeframe from the initial filing of the petition to a decision regarding return." Id. (citing Convention, Art. 11). While the Court does not anticipate being able to resolve this matter within six weeks, the Court will not countenance any unnecessary delay and strict compliance with the Court's deadlines is expected going forward. See Chafin v. Chafin, 568 U.S. 165, 179 (2013) ("Importantly, whether at the district or appellate court level, courts can and should take steps to decide these cases as expeditiously as possible, for the sake of the children who find themselves in such an unfortunate situation.").

by the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. § 9001, et seq.[2] In the Motion, Respondent Maria Fernanda Orbegoso Elias-Arata (Mother) moves to dismiss the Verified Petition for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure (Rule(s)). Upon review, the Court finds that the Verified Petition undoubtedly states a claim for wrongful retention under the Hague Convention, and as such, the Motion is due to be denied.[3]

**I.     Standard of Review**

In ruling on a motion to dismiss, brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Rule(s)), the Court must accept the factual allegations set forth in the complaint as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Omar ex. rel. Cannon v. Lindsey, 334 F.3d 1246, 1247 (11th Cir. 2003) (per curiam). Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. Bellsouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at

---

[2]     ICARA was previously located at 42 U.S.C. § 11601.

[3]     In light of the expedited nature of these proceedings, the Court is ruling on the Motion without waiting for the opposition period to run. See Local Rule 3.01(b). Because the Court finds that the Motion is without merit on its face, an opposition brief is not necessary at this time.

570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted).  Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," which simply "are not entitled to [an] assumption of truth." See Iqbal, 556 U.S. at 678, 680-81.  Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 570).

## II. Applicable Law

The purpose of the Hague Convention is "to protect children internationally from the harmful effects of their wrongful removal or retention and to establish procedures to ensure their prompt return to the State of their habitual residence, as well as to secure protection for rights of access." See Convention, pmbl.  "The Convention generally intends to restore the pre-abduction status quo and deter parents from crossing borders in search of a more sympathetic court for custody hearings." See Hanley v. Roy, 485 F.3d 641, 644 (11th Cir. 2007).  As such, "[t]he court's inquiry is limited to the merits of the abduction [or retention] claim and not the merits of the underlying custody battle." See Ruiz v. Tenorio, 392 F.3d

1247, 1250 (11th Cir. 2004). The Hague Convention applies to children under sixteen years of age who are "habitually resident" in a contracting state and are "wrongfully removed to" or "retained in" another contracting state. See Convention, Arts. 1 and 4. A removal or retention is "wrongful" within the meaning of the Hague Convention where:

> a. it is in breach of rights of custody attributed to a person, an institution or any other body, either jointly or alone, under the law of the State in which the child was habitually resident immediately before the removal or retention; and
>
> b. at the time of removal or retention those rights were actually exercised, either jointly or alone, or would have been so exercised but for the removal or retention.
>
> The rights of custody mentioned in sub-paragraph a above, may arise in particular by operation of law or by reason of a judicial or administrative decision, or by reason of an agreement having legal effect under the law of that State.

See Convention, Art. 3. The petitioner bears the burden of establishing by a preponderance of the evidence that "the child has been wrongfully removed or retained within the meaning of the Convention." See 22 U.S.C. § 9003(e)(1)(A).

Here, to prevail on the Verified Petition, Father must establish that: (1) the Minor Child was "habitually resident" in Peru at the time Mother removed him from Peru or retained him in the United States; (2) the removal or retention was in breach of Father's custody rights under Peruvian law, and (3) Father had been exercising those rights at the time of removal or retention. See Ruiz, 392 F.3d at 1251. If Father establishes a wrongful removal or retention, then "the authority concerned shall order the return of the child forthwith," unless Mother establishes one of the affirmative defenses enumerated in the Convention. See Convention, Art. 12; see also Baran v. Beaty, 526 F.3d 1340, 1344 (11th Cir. 2008).

4

**III. Discussion**

In the Verified Petition, Father alleges that he and Mother have had an "intermittent relationship" for several years, during which time the Minor Child, J.C.O., was born. See Verified Petition ¶¶ 6-7. Father attaches to the Verified Petition the Minor Child's birth certificate which reflects that the Minor Child was born in Peru, in January of 2013. See Verified Petition ¶ 7, Ex. A. The birth certificate names Petitioner as the father and Respondent as the mother. Id. Father alleges that he shared responsibility for the care of the Minor Child, spent time with him, and provided for his care and well-being. See id. ¶¶ 9-10. According to Father, in the spring of 2017, Mother asked Father to allow her to bring the Minor Child to the United States to visit Mother's parents. Id. ¶ 11. Father asserts that, at Mother's request, he signed a Temporary Consent agreement documenting his consent to this temporary travel. Id. According to Father, the temporary travel plans provided that Mother would return to Peru with the Minor Child on August 25, 2017. Id. Father alleges that Mother did not return to Peru as agreed upon and has informed Father that she has no intention of returning to Peru with their son. Id. ¶ 12. Indeed, Father maintains that Mother "lied about her travel plans to the United States promising to return to Peru with the [M]inor [C]hild while having no intention of doing so." Id. ¶ 20. As such, Father asserts that Mother's removal of the Minor Child from Peru was done in a "deceptive manner" and "without [his] consent." Id. ¶ 20. Father contends that prior to the events giving rise to this case, the Minor Child had resided in Peru since birth, enjoyed "substantial timesharing" with Father, and "was completely settled and integrated in Peru's life and culture." Id. ¶ 18.

Based on the foregoing, Father has set forth sufficient factual allegations to support a plausible claim for wrongful removal or wrongful retention under the Hague Convention. Mother argues that Father's allegations are insufficient because he fails to allege facts supporting a wrongful removal and fails to allege that he has rights of custody under Peruvian law. See Motion at 3-4. The Court disagrees.

It is not entirely clear whether Father seeks to pursue a claim of wrongful removal or one of wrongful retention. Given his allegation that Mother never actually planned to return to Peru with the Minor Child and as such, obtained his consent to take the Minor Child to the United States via deception, it may well be his intention to proceed on a wrongful removal theory. Regardless, even if Father mistakenly characterized his claim as a "wrongful removal," it is apparent from the facts alleged that Father has stated a claim for "wrongful retention" under the Hague Convention. Indeed, Mother acknowledges as much in her Motion. See Motion at 3. Father alleges that he gave Mother permission to travel to the United States with the Minor Child for a temporary visit, and when the time came for Mother and the Minor Child to return as planned, she refused to do so. According to Father, she has remained in the United States with the Minor Child ever since. Such allegations state a quintessential wrongful retention claim. Mother plainly has adequate notice of the nature of Father's claim and the grounds on which it rests such that even if Father mischaracterized the claim as a wrongful removal as opposed to a wrongful retention, such error would not support dismissal of the Verified Petition.[4]

---

[4] In the Motion, Mother asserts that "Petitioner alleges it was the Petitioner, himself, who had manifested his desire that the minor child live in the United States with the child's mother . . . ." See Motion at 1-2 (emphasis added). While this may be Mother's view of the facts, it is undoubtedly not what Father alleges in the Verified Petition. Father unambiguously asserts that he consented to a temporary visit to the United States. See Verified Petition ¶ 11. While counsel for Mother must be a zealous advocate for their client, counsel may not do so at the cost of their duty of candor to the Court. The Court will assume that the

6

Mother also contends that Father fails to adequately plead that he has rights of custody under Peruvian law. See Motion at 4-5. Mother argues that Father fails to support his allegations concerning his custody rights with even "the most basic of facts in support." See Motion at 2. This argument is plainly without merit. Father alleges the following facts in support of his custody rights: (1) he is the Minor Child's father, as listed on the birth certificate, see Verified Petition, Ex. A., (2) the parties "shared responsibilities for the care of their son", id. ¶ 9, (3) Father spent time with his son almost every day and provided for his care and well-being, id. ¶ 10, (4) Mother asked Father for permission to take the Minor Child to the United States and requested that he sign a Temporary Consent agreement documenting his consent to this plan, id. ¶ 11, and (5) prior to the wrongful retention, the Minor Child lived with Mother while enjoying "substantial timesharing" with Father, id. ¶ 18. "The Convention broadly defines 'rights of custody' as 'rights relating to the care of the person of the child and, in particular, the right to determine the child's place of residence.'" See Hanley v. Roy, 485 F.3d 641, 645 (11th Cir. 2007) (quoting Convention, art. 5). At this stage of the proceedings, the foregoing factual allegations, and in particular, the allegation that Mother asked Father to sign a form consenting to her travel with the Minor Child, are sufficient to give rise to the inference that Father had rights of custody pertaining to the Minor Child within the meaning of the Hague Convention and was exercising those rights. While Mother may challenge these allegations and offer evidence to the contrary at a later stage of the proceedings, for purposes of the instant Motion, Father's allegations are sufficient. Accordingly, the Court will deny the Motion and direct Mother to file an answer to the Verified Petition without further delay. In light of the foregoing, it is

---

foregoing misrepresentation was inadvertent, but counsel should take meticulous care to ensure that any future filings accurately reflect the record in this case.

7

**ORDERED**:

1. Respondent's Motion to Dismiss Verified Petition for Return of Minor Child (Doc. 11) is **DENIED**.

2. Respondent shall file an answer to the Verified Petition on or before **Friday, February 16, 2018**.

**DONE AND ORDERED** in Jacksonville, Florida, this 14th day of February, 2018.

*MARCIA MORALES HOWARD*
United States District Judge

lc11
Copies to:

Counsel of Record